Marcia C. MacCallum, Respondent, *v.* Alex J. MacCallum, Appellant.

Fourth Department, July 13, 1956.

*Bert B. Lockwood* for appellant.

*Clifford H. Searl* for respondent.

*Per Curiam.*   The defendant's motion was to dismiss the complaint on the grounds: (1) that the complaint does not state facts sufficient to constitute a cause of action and (2) that the court does not have jurisdiction of the subject of the causes of action. The relief demanded is for a declaratory judgment that: (1) the plaintiff had a bona fide matrimonial domicile in the State of Florida when she instituted the action in that State for a decree of divorce; (2) that the Circuit Court of Florida had jurisdiction of the parties when the Florida decree of divorce was rendered and had jurisdiction of the subject of this action. The other relief demanded relates to the title and ownership of real property located in the State of New York; to the custody and control of the infant child of the parties; to an alleged money indebtedness by the defendant to the plaintiff and to the right of the

plaintiff to the possession of a Ford automobile presently in the State of New York.

As to the relief demanded other than that which relates to the dissolution of the marital status of the parties by virtue of the Florida decree, we hold that such relief is available to the plaintiff in other existing and adequate forms of action. We see no reason why there should be a declaration of the plaintiff's rights in relation to real and personal property within this State nor in relation to the custody and control of the infant who is presently in the plaintiff's custody in the State of Florida, in pursuance of the Florida decree. As to such matters, a declaratory judgment would serve no useful purpose since whatever rights the plaintiff may have may be enforced in existing and appropriate forms of action. The remedy of declaratory judgment is within the discretion of the court. (Rules Civ. Prac., rule 212; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; 22 Carmody-Wait on New York Practice, p. 704, § 6.)

As to the demand for a judgment of the Supreme Court of New York confirmatory of the Florida decree in regard to the good faith of the plaintiff's residence in Florida and the jurisdiction of the Circuit Court of Florida of the parties and subject of the action, we need only say that the courts of this State are bound to recognize the validity of the Florida decree insofar as it severed the marital status of the parties. Our courts are not under a duty to place the stamp of confirmation upon the Florida decree where the complaint contains no allegation that the defendant questions, may question or intends to question the validity of such decree as it relates to the severance of the marital ties of the parties. In fact, the complaint affirmatively alleges that the Florida court had personal jurisdiction of the defendant. We are of the opinion that our courts should not be employed to finally and irrevocably confirm a decree of divorce in a foreign jurisdiction merely because the plaintiff asks such relief and where no justiciable question or controversy has been raised in respect thereto. If that course or policy was to be followed, then the Supreme Court of this State would, in effect, be granting final divorces on grounds other than the sole statutory ground provided by the law of New York.

The question of whether to assume jurisdiction in declaratory judgment actions should be decided at the threshold of the action and is properly determined on a motion to dismiss the complaint. (*Hagaman Mfg. Co.* v. *Rough-Wear Clothing Co.,* 284 App. Div. 189; *Latham & Co.* v. *Mayflower Ind.,* 278 App. Div. 90.)

The order should be reversed and the motion granted.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Order reversed on the law and as a matter of discretion, without costs of this appeal to either party, and motion granted, without costs.