Abraham N. Geller, J.
(dictated on record). Following the opening of the trial defendants have moved to dismiss this action for a declaratory judgment as improperly brought, urging also that as a result of what was revealed at a conference held preliminary to the trial, and upon .the record of the subsequent *436 proceeding's at the trial, they should he given the opportunity, pursuant to section 4103 of the Civil Practice Law and Rules, to demand a jury trial of the issues which actually relate to a claim of damages. The court has studied the complaint, a lengthy trial brief submitted by the plaintiff, a brief by one of the defendants, and has examined into the prior proceedings in this action. .
It is clear from'all of these that the declaratory judgment complaint constitutes a distortion in pleading. It apears it was brought in that form because plaintiff believed that only then could it include relief against the city, enjoining it from paying out the balance due to the general contractor. The reason given for claiming that declaratory relief is appropriate is that the construction of certain contract clauses is involved.
There is no basis in either contention for casting this claim, which is essentially a damage claim of a subcontractor, in the contrived form of a declaratory judgment complaint. Although no motion to dismiss was made by any of the defendants, this court (Stkeit, J.) in denying plaintiff’s motion for a temporary injunction against the city, pointed out that the action in effect was a damage action, that plaintiff was afforded full protection by proceeding with an action to foreclose a mechanic’s lien, notice of lien having been filed by plaintiff, and that, in any event, plaintiff did not have any equitable lien upon the funds held by the city for the purpose of impressing a trust and obtaining an injunction on that ground. The order denying temporary injunction was affirmed by the Appellate Division (17 A D 2d 795). It is clear from its opinion that the city could not be held as a trustee under the Lien Law, referring to section 70 thereof, and that the general contractor alone could be held as a trustee thereunder as to unpaid qualified claimants. It further stated that “ this action would not be an appropriate one in which to decide ” whether plaintiff was such a qualified claimant under the. circumstances of its claim for alleged breach of contract by the general contractor.
An action for a declaratory judgment always rests in the sound discretion of the court, and the court treats the present motion of the defendants to dismiss as made on the ground that, on the facts pleaded and revealed thus far at the trial herein, the court should refuse to entertain it. The declaratory judgment form of action may not be used for what is essentially a traditional form of action merely because, incidentally, the question of construction of certain contract clauses is involved. It should be entertained only when the circumstances render it useful and necessary, where it will serve some practical purpose' *437 in quieting and stabilizing an uncertain or disputed jurai relation. (James v. Alderton Dock Yards, 256 N. Y. 298.)
Here the issues, almost entirely, are fact issues as to the alleged breach; who is responsible therefor; and the damages. These, indeed, are set forth in the various allegations of the complaint, and the affirmative defenses of defendants are those interposed in the usual damage claim at law. The “ wherefore ” clause, however, does not refer to damages but contains general descriptive matter as to determining the rights and liabilities of the parties. That, of course, is involved in every action. Here plaintiff is actually seeking judgment for money damages and endeavoring to impress some form of equitable lien on the balance of the moneys owed by the city under the general contract. But no facts supportive of a claim of equitable lien are alleged, and it would appear, as noted in the prior decisions herein, that there is no basis for such a claim. Plaintiff’s argument appears to be that since a legal lien is unavailable under these circumstances, it should be awarded relief as for an equitable lien — an obvious non sequitur. Plaintiff must still show a proper basis for any claim. Certainly, section 77 of the Lien Law provides full and adequate protection for a claim of a subcontractor, whether or not there is a right to file a notice of lien (see § 71, subd. 4).
Concerning the injunctive relief requested as against the city, there likewise are no supportive allegations contained in this complaint. Whatever right to injunctive relief could be asserted would have to be within the applicable provision in section 6301 of the Civil Practice Law and Buies, which also obtained under the Civil Practice Act, and which may be granted in any action, not only a declaratory judgment action, where it appears that a defendant is about to do or is doing an act in violation of plaintiff’s rights respecting the subject of the action, tending to render the judgment ineffectual. That is the basic problem as to any claim by plaintiff as against the city, namely, whether it has any rights respecting the balance of the fund in the city’s hands which entitle it to relief against the city. It has been stated on the record that the city has now paid out that balance to the general contractor upon being given an indemnification bond. Whatever relief plaintiff claims against the city should be asserted in a cause of action containing allegations supporting the relief requested as against the city.
The court has determined that the declaratory judgment complaint should not be entertained since it does not serve any useful purpose but, in fact, is a diversion that conceals the true nature of the action which should have been brought by *438 the plaintiff. Moreover, the defendants should be given the opportunity to demand a jury trial concerning which they may well have been confused because of the form of the complaint. Defendants are entitled in any action to have the true nature of the causes of action set forth so that they may protect their rights and make appropriate motions.
To avoid prejudice to the parties the court is dismissing the complaint with leave to the plaintiff to serve an amended complaint within 20 days from date of order to be entered herein. In such amended complaint plaintiff may, if so advised, but without limiting the scope of plaintiff’s amended complaint, set forth causes of action for money damages against the general contractor and the bonding companies, for foreclosure of mechanic’s lien, to enforce a trust in a representative cause of action pursuant to section 77 of the Lien Law, and a cause of action against the city. For purposes of the Statute of Limitations, if involved, subdivision (e) of section 203 of the Civil Practice Law and Rules should be noted with respect to the right to assert any such cause of action in an amended pleading.
Defendants may make any motions addressed to the amended complaint as they may be advised. At the time of interposing their answers they are given the opportunity to serve and file a written demand for jury trial as to any legal causes of action in the amended complaint. Upon full joinder of issue any party may apply to the Justice presiding at Special and Trial Term, Part I, to place this action on the appropriate calendar for a day certain.
It should also be noted that there is pending another action involving substantially the issues here concerned, that being an action brought by the general contractor against the city. The parties may consider the advisability of avoiding multiplicity of trials by moving, if deemed appropriate, for consolidation or joint trial.
Settle order in accordance with the foregoing determination.