EQUITABLE LEASING, INC., Appellant, v. THOMAS G. MAGUIRE et al., Defendants, and ALADCO LEASING COMPANY, INC., Respondent. (Appeal No. 2.) — Memorandum: The trial court properly exercised its discretion in declining to entertain this declaratory judgment action since the parties have other available relief by existing remedies at law. (*Garvin* v. *Garvin,* 306 N. Y. 118; *James* v. *Alderton Dock Yards,* 256 N. Y. 298.) (Appeal from judgment of Monroe Trial Term dismissing complaint in action for breach of contract.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.

 JACQUELINE COOK, Petitioner, v. GERTRUDE FRONCZAK, Respondent.— Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.

 RUDOLF BASTIANS, Appellant, v. KLOTHILDE T. BASTIANS, Respondent.— Memorandum: The parties own residence property as tenants by the entirety. In this action plaintiff sues for divorce and defendant counterclaims for divorce. Defendant also prays that in the event a judgment of divorce is granted to either party, a further judgment for partition of said real estate be granted. Plaintiff appeals from the order denying his motion to dismiss the counterclaim for partition. Although a tenancy by the entirety cannot be made the subject of an action for partition (*Anello* v. *Anello,* 22 A D 2d 694; 14 Carmody-Wait 2d, New York Practice, Partition, § 91:12), defendant's counterclaim is drafted contingent upon the dissolution of the marriage, in which case ownership of this property will be held by these parties as tenants in common and partition will then lie (*Stelz* v. *Shreck,* 128 N. Y. 263; *Hosford* v. *Hosford,* 273 App. Div. 659). The order was, therefore, properly made (*Perles* v. *Perles,* 27 N Y 2d 832). (Appeal from order of Monroe Special Term denying motion to dismiss counterclaim in divorce action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.