John L. Larkin, J.
The New York State Police (William E. Kirwan, Superintendent and Warren B. Surdam, Deputy Superintendent), seeks an order of this court, by way of order to show cause, permanently staying the New York State Division of Human Rights from holding a hearing upon a complaint of Bennett I. Finer on the ground that there is no probable cause to believe that the petitioner has engaged in any unlawful, discriminatory practices.
The respondent, State Division of Human Bights, cross moves pursuant to ¡CPLR 7804 (subd. [f]) dismissing the proceedings herein for failure to state a claim upon which the relief may be granted.
*598 There is no dispute about the factual situation giving rise to the instant proceeding. Bennett I. Finer applied for and received an application to take the .State Police qualifying examination which was given on Saturday, March 17, 1973. Mr. Finer informed the State Police that he observed Saturday as a Sabbath and could not take the examination on that day because of his observance of the Sabbath day. The State Police did not schedule his examination on another day and according to the petitioner Mr. Finer was afforded exactly the same opportunity afforded the 9,142 other applicants who took the examination on that day. Mr. Finer then filed a complaint with the State Division of Human Rights alleging that he is an Orthodox Jew and requested an alternate date to take the test and was turned down by a letter of Warren B. Surdam, Deputy Superintendent, dated March 6,1973.
The State Division of Human Rights opened the case and after investigation the Division of Human Rights determined “ that it has jurisdiction in this matter and there is probable cause to believe that the respondents engaged in or are engaging in the unlawful discriminatory practice complained of” and recommended the matter for .public hearing.
Thereafter, and on July 17,1973, the State Division of Human Rights served a notice of hearing on the petitioners herein setting the date of August 3, 1973 at 10:00 a.m. for a hearing to determine the charges of unlawful discriminatory practices as alleged in the complaint of Mr. Finer whereupon the petitioners herein secured an~order from Mr. Justice Casey bringing on the instant motion. After service of the order to show cause, the .public hearing in this matter was adjourned pending the completion of this court’s proceeding.
The Human Rights Law is to be found in article 15 of the Executive Law and generally sets forth the powers and duties of the Division of1 Human Rights and the procedure followed therein (§ 290 et seq.). The pertinent parts of article 15 are set forth herein.
Subdivision 10 of section 296 reads as follows:
“ 10. (a) It shall be an unlawful discriminatory practice for any employer to prohibit, prevent or disqualify any person from, or otherwise to discriminate against any person in, obtaining or holding employment, because of his observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his religion * * *
“ (c) This subdivision shall not be construed to apply to any position dealing with health or safety where the person holding *599 such position must be available for duty whenever needed, or to any position or class of positions the nature and quality of the duties of which are such that the personal presence of the holder of such position is regularly essential on any particular day or days or portion thereof for the normal performance of such duties with respect to any applicant therefor or holder thereof who, as a requirement of his religion, observes such day or days or portion thereof as his sabbath or other holy day * * * In any proceeding in which the applicability of this subdivision is in issue, the burden of proof shall be upon the employer. If any question shall arise whether a particular position or class of positions is excepted from this subdivision by this paragraph, such question may be referred in writing by any party claiming to be aggrieved * * * to the civil service commission * * * Any such determination by the civil service commission shall be reviewable in the manner provided by article seventy-eight of the civil practice law and rules ”.
The petitioner alleges that the New York State Police clearly and uncontrovertedly come within the exception of section 296 (subd. 10, par. [c]) hereinabove set forth. Thus, if such were the case, the petitioner alleges the Human Rights Division lacks any probable cause or statutory right to hold such a hearing as they have scheduled.
The respondent, State Division of Human Rights, resists the application alleging that the administrative proceedings have not run their course and, until they do, the court should not interfere. In support thereof, the respondent alleges that if the decision of the Commissioner of Human Rights proves to be erroneous, an appeal lies to the State Human Rights Appeal Board (Executive Law, § 297-a) and from that, judicial review in the Appellate Division of the Supreme Court (Executive Law, § 298).
It is unquestioned that the Division of Human Rights has jurisdiction over matters involving discrimination against employees or prospective employees “ because of his observance of any particular day or days or any portion thereof as a sabbath or other holy day ” (Executive Law, § 296, subd. 10, par. [a]).
The respondent, Division of Human Rights, alleges that that question should have been referred to the Civil Service Commission pursuant to the mandates of the statute (§ 296, subd. 10, par. [c]). However, that section in pertinent part provides: 1 ‘ If any question shall arise whether a particular position or class of positions is excepted from this subdivision by this paragraph, such question may be referred in writing by any party *600 claiming to be aggrieved The party aggrieved is Mr. Finer, not the New York State Police.
Mr. Finer’s request for an alternative examination date was denied him and the examination was held on the Saturday set by the offices of the New York State Police. The New York State Police could hardly claim to be a party aggrieved under such circumstances. But it is the position of the respondent that absent the referral to the Civil Service .Commission, the Commissioner of Human Rights should decide all questions of fact and law pertaining to section 296 (subd. 10, par. [c]). Included in such matters to be questioned by the commissioner will be the relevancy of the fact that the complainant Finer does not charge he has been refused employment because he is a Sabbath observer, but only his request for an examination to be given on a day other than his Sabbath. In that context the commissioner alleges he will have to consider other requirements of the law and in particular subdivision 8 of section 50 of the Civil 'Service Law.
This court considers that to be a rather narrow approach. It is almost manifest that if an applicant for the New York State Police will not take an examination on the Sabbath because he is a Sabbath observer, it follows that he will not work on a Saturday because he is a Sabbath observer. The supporting papers filed by the petitioner, State Police, clearly and without question indicate that it is the duty of a State trooper to work at times and on dates and shifts assigned to him by his superiors and those dates include Saturdays. This court fails to see the logic in determining the very narrow issue of the examination date and probably have that go through the administrative procedures to the Appellate Division and back down, and, then assuming that another examination date is given, having to take the question of whether the respondent has to work on Saturday all the way back up. The real issue in this case is the applicability of section 296 (subd. 10, par. [c]) to the New York State Police.
Viewed in that light, this court will consider the pleadings to be in the nature of a request for declaratory relief. Such a request may be asserted in a plenary action or special proceeding. This court has obtained jurisdiction over the parties and this court will consider the application to be one for a declaratory judgment in regard to section 296 of the Executive Law.
The courts may treat actions and proceedings seeking a course of relief as actions seeking declaratory judgments (OPLR 103, subd. [c]). The test is whether a cause for complaint has *601 been stated. The form of the action can be moulded by the court (Bloom v. Mayor of City of N. Y., 35 A D 2d 92). The cause for complaint has been stated. The Division of State Police claim they come within the exemption heretofore stated (§ 296, subd. 10, par. [c]). A declaratory judgment is discretionary in nature and whether the courts should exercise jurisdiction depends upon the individual case and whether or not doing so will further the disposition of the controversy. A declaratory judgment here would be useful and necessary (Seaboard Sur. Co. v. Massachusetts Bonding & Ins. Co., 42 Misc 2d 435). There is a possibility that the issuance herein of a declaratory judgment will serve the interests of justice, the convenience of the parties and the public in this controversy.
An analysis of the duties and obligations of the New York State Police as set forth in Exhibits 1 through 5 attached to the moving papers, together with the common everyday knowledge available to this court, and to every other person, regarding the duties of the New York State trooper leads this court to the conclusion that the Division of State Police come directly within the purview of the exemption set forth in the language of section 296 (subd. 10, par. [c]) of the Executive Law. There is no need herein for this court to discuss the duties and obligations of the State trooper and relate them to the language of section 296 (subd. 10, par. [c]) of the Executive Law. The New York State Police come squarely within the exception set forth in section .296 (subd. 10, par. [c]). Nor does this court have to consider the request to hold the examination on another day because of the observance of the Sabbath. Mr. Finer’ claims to be an Orthodox Jew who observes the Sabbath. This court will assume that he observes every Sabbath and therefore would be prevented from doing any work on any Sabbath day.
Treating the instant proceeding as a motion for declaratory judgment on the authority set forth above, this court finds that the New York State Police come within the exception set forth by the Legislature in subdivision 10 of section 296 of the Executive Law.
In the light of the determination of this court regarding the exception, the application for a permanent injunction enjoining the Division of Human Bights from proceeding further is denied. The cross motion of the respondent is dismissed.