CITY OF ROCHESTER et al., Respondents, v VANDERLINDE ELEC-
TRIC CORPORATION et al., Defendants-Appellants and
Third-Party Plaintiffs-Appellants. COLLYER INSULATED
WIRE et al., Third-Party Defendants-Respondents.

Fourth Department, February 25, 1977

*Harris, Beach & Wilcox (James M. Hartman* of counsel), for
appellants.

*William J. Stevens, County Attorney (Charles S. Turner,
Sergeant W. Wise* and *Frank Lloyd* of counsel), for respon-
dents.

DILLON, J. On September 30, 1970 defendant Vanderlinde
Electric Corporation (Vanderlinde) entered into a contract
with the plaintiff City of Rochester (City) whereby Vander-
linde was to perform electrical and instrumentation work on
additions to the liquid processing facilities of the City's sewage
treatment plant. Part of Vanderlinde's contractual responsi-

bility was to install approximately 10 miles of electrical power cable. Aetna Casualty and Surety Company (Aetna) furnished a performance bond which provides, *inter alia,* that if Vanderline defaults on the contract and is declared in default by the City, Aetna will remedy or correct the default by one of various alternative courses of action.

On July 1, 1971 the City leased its sewer system, including the sewage treatment plant, to plaintiff Rochester Pure Waters District (District). The District agreed to administer all pending construction contracts and to be fully responsible for all litigation arising therefrom.

With the approval of the City, Vanderlinde installed cable manufactured by defendant Collyer Insulated Wire (Collyer) and supplied by defendant Graybar Electric Company, Inc. (Graybar). It is not disputed that subsequent to the installation, the electrical power cable began to fail at an unexpectedly high rate. Consulting engineers, retained by the District, inspected the cable and determined that it was defectively manufactured and did not conform to specifications.

On December 9, 1975 the District directed Vanderlinde to remove and replace all of the cable and, upon its refusal, the District notified Aetna that Vanderlinde was in default and demanded that Aetna promptly remedy the default pursuant to the terms of the performance bond. Aetna took no action because, in its opinion, Vanderlinde was not in default.

The City and the District (hereinafter "plaintiffs") brought this declaratory judgment action seeking, *inter alia,* a declaration that both Vanderlinde and Aetna are in default of their respective contractual obligations. Vanderlinde and Aetna brought a third-party action against Collyer and Graybar, alleging that the cable is defective and demanding judgment over for any amount awarded in the original action.

Special Term granted plaintiffs' motion for summary judgment pursuant to CPLR 3212, and declared that Vanderlinde was in default under the contract; that Aetna breached its obigations under the performance bond; and directed that Aetna perform in accordance with the terms and provisions of the bond. Special Term denied the motion of Vanderlinde and Aetna which sought to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, or, in the alternative, sought to convert the action to one for money damages pursuant to CPLR 103 (subd [c]).

General condition 40 of the contract between the City and

Vanderlinde provides that: "The contractor, upon written notice from the owner, shall remove from the premises all work and materials rejected as defective, unsound, improper, or in any way failing to conform to the requirements of the contract documents."

General condition 58 of the contract provides that:

"A direction, order, or decision of the Commissioner affecting the performance of work yet to be performed (including the reconstruction or replacement of unsatisfactory work) shall be final and conclusive upon the Contractor and the Contractor shall conform thereto in the future performance of the work.

"The intent of the foregoing provision is that, inasmuch as the prompt completion of the work is a matter of public importance, the Commissioner shall be the sole judge as to the fitness of the material or the compliance of the work with the provisions of the contract and that all work required shall be promptly and satisfactorily performed, reserving to the parties the right to have determined by the method in this contract provided all questions relating to compensation, damages, or other payments of money. The Contractor shall, under no circumstances, cause any delay of the work during any dispute as to work or compensation or because of any dissatisfaction with any decision of the City."

Vanderlinde and Aetna argue that since plaintiffs may pursue an action for breach of contract and thus provide a forum for litigation of all of the issues arising from the various claims, declaratory judgment is not appropriate.

While it is true where a superior conventional remedy is available, declaratory relief will usually be denied (*James v Alderton Dock Yards*, 256 NY 298, 305, mot for rearg den 256 NY 681; *Equitable Leasing v Maguire*, 36 AD2d 1020; *MacCallum v MacCallum*, 2 AD2d 193) there is no requirement that plaintiffs be without other remedies before resorting to declaratory judgment (*Woollard v Schaffer Stores Co.*, 272 NY 304, 311-312, mot for rearg and to amend remittitur den 273 NY 527; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.10). Availability of other remedies is but one factor to be considered (*James v Alderton Dock Yards, supra;* 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.10).

Moreover, although declaratory relief is not appropriate where the judgment will result in a piecemeal determination of the dispute (*Smith v Western Union Tel. Co.*, 276 App Div

210, affd 302 NY 683; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09 [d]; cf. *Downey v Merchants Mut. Ins. Co.,* 30 AD2d 171, affd 23 NY2d 989), that principle is not applicable. The basic issue here is whether Vanderlinde has an obligation to comply with the order to replace the cable. Unlike the cases relied upon by Vanderlinde (see, e.g., *Seaboard Sur. Co. v Massachusetts Bonding and Ins. Co.,* 42 Misc 2d 435; *Equitable Leasing v Maguire,* 36 AD2d 1020), plaintiffs' action does not seek money damages but seeks only an assessment of its rights under the contract. In view of the specific provisions of the agreement, the form of relief sought by plaintiffs is superior to a conventional action for breach of contract. To hold otherwise would permit the kind of delay the contract is specifically designed to avoid.

The fundamental intent of that document is that all work thereunder is to be performed to the City's satisfaction, but without prejudice to the rights of the parties as to a resolution of contractual disputes for compensation or damages. The obvious purpose of its provisions is to insure that progress on the construction is not to be impeded by disputes over contractual performance.

The relief granted at Special Term forecloses neither assertion of damage claims arising from the contract, nor the ultimate assessment of plaintiffs' responsibility for any unwarranted action they may have taken under the contract. Obviously, in light of the specific agreement for the later assessment of damages, the plaintiffs act at their peril.

This is not to say that plaintiffs may act unreasonably and arbitrarily in rejecting the cable. Every contract implies good faith and fair dealing between the parties *(Mutual Life Ins. Co. of N.Y. v Tailored Woman,* 309 NY 248, 254; *O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50; *Wigand v Bachmann-Bechtel Brewing Co.,* 222 NY 272). On this record, however, the standards by which the parties agreed to measure their obligations are not manifestly unreasonable (cf. Uniform Commercial Code, § 1-102, subd [3]) and the good faith of the plaintiffs has not seriously been questioned. Indeed, good faith is amply demonstrated by the results of the consulting engineers' report; by Vanderlinde's acknowledgment of continued cable failures at an unacceptable rate; and by Vanderlinde's assertion that the cable possessed inherent defects in quality, composition and manufacture. The judgment should be affirmed.

MARSH, P. J., SIMONS and GOLDMAN, JJ., concur.

Order and judgment in, Appeal No. 1, unanimously affirmed with costs.

Order, in Appeal No. 2, unanimously affirmed.