■ NATIONAL EQUIPMENT RENTAL, LTD., Appellant, v J & I CARTING, INC., et al., Respondents.—In an action against defendant J & I Carting, Inc., to recover rent allegedly due under a lease, and against the individual defendants as guarantors, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 22, 1977, which is in favor of defendants, upon a jury verdict. The appeal brings up for review, *inter alia,* the denial of plaintiff's motion for a directed verdict. Judgment reversed, on the law, with costs, motion for a directed verdict granted, plaintiff is awarded judgment in the amount of $28,683.60, plus interest, less any amounts paid as advance rental payments, and action remitted to Trial Term for entry of an appropriate judgment in accordance herewith. In October, 1974 plaintiff entered into an equipment lease with the corporate defendant. Pursuant to the terms of the lease, plaintiff procured and leased to the corporation certain personal property for a term of 64 months. In return, the corporation agreed to pay to plaintiff rent in the amount of $699.60 per month. The individual defendants executed a guarantee of the corporation's obligation under the lease. It appears that the corporation made the required rental payments for the first 23 months of the lease, but that thereafter no further payments were made by it. Plaintiff commenced the instant action to recover the rent due for the balance of the rental term. Defendants, in their answer, asserted two affirmative defenses; only the first is relevant for purposes of this appeal (the second defense is dependent upon the first). Defendants alleged: "7. On or about September 6, 1976 the ten containers leased by defendant J I CARTING, INC. from plaintiff were stolen by one Joseph A. Pelose. 8. Immediately upon discovery of the theft, complete reports were made to the Police Department of the City of Yonkers, New York. 9. On or about September 6, 1976 defendant JOSEPH IANNELLI, President of the corporate defendant, was advised by Detective William Grogan of the Police Department of the City of Yonkers, New York that since the containers which were stolen belonged to NATIONAL EQUIPMENT RENTAL LTD., the complaint to the Yonkers Police Department must be made by the owner of the stolen equipment to wit: the plaintiff herein. 10. Thereafter defendant JOSEPH IANNELLI notified plaintiff of the theft of the leased equipment and advised it of the discussion had with Detective William. Grogan; said defendant further requested that plaintiff file an immediate complaint with the Police Department of the City of Yonkers concerning the theft of its equipment. 11. Defendants also notified their then attorney William Macy, Esq., of the theft and conversation with Detective Grogan. 12. Upon information and belief, defendants' then attorney William Macy, Esq. notified plaintiff of the theft and requested that [it] file the necessary complaints with the Police Department of the City of Yonkers. 13. Upon information and belief, plaintiff has neglected and/or refused to file the necessary complaints against Joseph A. Pelose with the Police Department of the City of Yonkers, New York." A jury trial was held and it resulted in a verdict in favor of the defendants. We are of the opinion that the first affirmative defense pleaded by the defendants was legally

insufficient and that plaintiff is entitled to judgment as a matter of law. The lease unambiguously provided that the lessee assumed the entire risk of loss, from any and every cause whatsoever. It additionally provided that: "Lessee agrees that its obligations under this lease are absolute, and shall continue in force and effect regardless of the disability of the Lessee to use the equipment because of any reason whatsoever". The first defense appears to rely upon the principle that in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, i.e., in every contract there exists an implied covenant of good faith and fair dealing (see, e.g., *Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79, 87). However, on the record before us an obligation on the part of the plaintiff to file a criminal complaint against an alleged thief cannot be fairly inferred from the agreement of the parties. As a lessee of property, the corporate defendant had various civil remedies available against the putative wrongdoer. Thus, it cannot be said that the inaction on the part of the plaintiff was tantamount to an act which destroyed or injured the right of the corporate defendant to receive the fruits of the contract. Therefore, the plaintiff's motion for a directed verdict at the close of defendants' case should have been granted. Accordingly, the judgment is reversed and the motion for a directed verdict is granted. Plaintiff is awarded judgment in the amount of $28,683.60, plus interest, less any amounts paid as advance rental payments. Titone, J. P., Mangano, Rabin and Gibbons, JJ., concur.