■ INCORPORATED VILLAGE OF PHILMONT, Respondent, v A. COLARUSSO & SON, INC., et al., Appellants. — Appeal from an order and judgment of the

Supreme Court at Special Term (Kahn, J.), entered February 4, 1981 in Albany County, which granted plaintiff's motion for summary judgment and denied defendants' motion to renew or reargue. A contract negotiated in July, 1978 required the defendant contractor to construct a sewage disposal system for the plaintiff village. During the performance of the work the village, claiming that tests showed certain defects, ordered the contractor to remove and reinstall an entire section of sewer line. The contractor hired a private consultant who found that only one small section needed replacement, and, accordingly, replaced only that portion of the line. For refusal to comply with its replacement order, the village served a notice upon the contractor, on May 25, 1979, claiming default in performance and a termination of the contract. The project was completed by another firm. The village then commenced this declaratory judgment action to declare the contractor in default, and the surety on its bond liable for performance in accordance with the terms thereof. After issue was joined, the village moved for summary judgment and, in the alternative, for an order striking the contractor's answer for willfully refusing to obey a court order for disclosure. The contractor denied its failure to properly perform under the contract and contended that deficiencies existed in the contract plans and specifications making performance under the contract impossible and that the village acted in bad faith in terminating it. The village withdrew its motion for summary judgment against the surety, without prejudice. Special Term granted the motion against the contractor. We affirm. Under the terms of the contract, the contractor was required to comply with the order of the village and to seek resolution of any dispute that might arise at a later time in appropriate court action. The obvious purpose of such provision was to maintain the performance of the work uninterrrupted. Therefore, when defendant refused to comply with the order, the village could, and did, properly terminate the contract and hire another firm to complete the project. In such a situation, the allegation by the contractor of the village's bad faith is irrelevant, for bad faith, even if it existed, would not permit the contractor to interrupt its work under the contract. The declaratory relief sought by the village is appropriate and the granting thereof by Special Term was proper (see *City of Rochester v Vanderlinde Elec. Corp.*, 56 AD2d 185). This determination makes the consideration of the alternative relief unnecessary. The order and judgment of Special Term should be affirmed. Order and judgment affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.