OPINION OF THE COURT
Lawrence E. Kahn, J.
In this declaratory judgment action, plaintiffs, County of Albany and George L. Infante, as the Albany County Sheriff (County), seek a declaration of the legal rights, relations and duties of the parties with respect to the seizure of certain farm animals owned by defendant, Donald D. Terhune (Terhune), which animals were seized on or about November 18, 1981 and which are presently being boarded by defendant, Bruce Crammond (Crammond), on his farm in Ticonderoga, New York. Initially, this court determines that declaratory relief is appropriate in this matter (Seaboard Sur. Co. v Massachusetts Bonding & Ins. Co., 42 Misc 2d 435).
Terhune is the defendant in a pending criminal proceeding in the Justice Court for the Town of New Scotland, wherein he is charged with a violation of section 353 of the Agriculture and Markets Law. Specifically, he is charged with the failure to provide proper sustenance for his farm *830 animals. In such cases, the Agriculture and Markets Law provides two separate and distinct avenues of enforcement. As in other criminal matters, a police department may effectuate an arrest and provide the impetus for prosecution. However, alternatively, subdivision 2 of section 373 of the Agriculture and Markets Law empowers agents or officers of the American Society for the Prevention of Cruelty to Animals (ASPCA) to initiate such a proceeding upon a complaint under oath to any magistrate authorized to issue warrants in criminal cases, and further provided that the magistrate issues such a warrant. In the case at bar, a search warrant was issued which directed the Albany County Sheriff’s Department to search barns or buildings rented by Terhune for any signs of neglect or cruelty to animals such as dairy cattle. A handwritten note was attached to the search warrant which authorized the ASPCA to take possession of any animal not properly cared for. However, there has been no documentation submitted to this court to establish that the ASPCA was indeed prosecuting its own complaint pursuant to section 373 of the Agriculture and Markets Law and indeed, the Justice Court proceedings against Terhune are limited to the alleged violation of section 353 of the Agriculture and Markets Law.
Incredibly, the ASPCA, which is at the center of this controversy, has chosen to submit no papers either in support of or in opposition to this proceeding, is unrepresented by counsel, and continues to do little, if anything, to attempt to clear the murky legal situation within which it finds itself.
Subdivision 4 of section 373 of the Agriculture and Markets Law permits either the ASPCA or police officers to initially take charge of animals anytime an arrest is made. However, pursuant to section 374 of the Agriculture and Markets Law, only the ASPCA is permitted to dispose of animals as set forth therein. Most significantly, there is no provision for a police officer to dispose of any animals in cases such as the one at bar. In short, the County of Albany does not have the authority to dispose of these animals and the ASPCA apparently refuses to do so.
*831 Given this catch-22, it becomes apparent that regardless of the result of pending criminal proceedings against Terhune, these animals cannot be legally retained by the County indefinitely. Even assuming that Terhune is found to have violated section 353 of the Agriculture and Markets Law prior to November of 1981, no provision is made in said section for the forced sale of his livestock. The penalty prescribed is imprisonment for up to one year or a fine up to $500, or both. While this court is not entirely comfortable with the result that the animals must be returned forthwith to Terhune, nevertheless, such a determination is dictated by the ASPCA’s failure to assume its statutory functions with respect hereto.
The court would be remiss if it were not to comment on Terhune’s failure to initiate a proceeding for the return of his “livelihood”. His remedy was commencement of an article 78 proceeding to direct the return of his animals (Matter of Chernik v Department of Health of City of N. Y., 69 Misc 2d 710). However, he chose to do nothing, instead letting someone else pay for the substantial upkeep of these animals for over three months. At the very least, this conduct raises substantial questions as to any damages which he may claim. However, this does not negate the fact that he is entitled by law to the immediate return of those animals which still remain alive.
The final issue which may be disposed of herein is that of defendant Crammond’s assertion that he has a possessory lien on those animals which have been entrusted to his care since November 18,1981. Mr. Crammond asserts that James Provost, an agent of the ASPCA, has made arrangements with him to board the majority of the animals seized from the Terhune farm at a rate of compensation agreed between them. This court cannot determine from the papers before it whether the ASPCA agreed to pay this amount, or whether the County of Albany was so obligated. Apparently, there is no written memorandum confirming the existence of this agreement or its precise terms. While such an agreement may be expressed or implied, it must be made with the owner of the animals to be boarded (Lien Law, § 183). Said section is in derogation of the common law and must be strictly construed (Barrett Mfg. Co. v Van *832 Ronk, 212 NY 90). The complaint herein alleges in paragraph 5 that the owner of the livestock is defendant Donald D. Terhune. This allegation is admitted in the Crammond answer. Thus, not having had an expressed or implied agreement with the actual owner of the livestock, no lien pursuant to section 183 of the Lien Law attaches. In determining that Crammond does not have a valid lien, this court in no way passes upon the rights and liabilities which may or may not exist between Crammond, the County and the ASPCA.
The reluctance or inability on the part of the defendant ASPCA as set forth above raises substantial questions, visa-vis the effectiveness of our present procedure for dealing with allegations of cruelty to farm animals on the large scale presented in the instant proceeding. However, refinement or amendment of this procedure is in the province of the Legislature rather than this court, regardless of its empathy for the safety and well-being of all animals. It’s ironic that the only voices unheard in this entire proceeding are those of the innocent, defenseless animals.
For the reasons hereinabove set forth, plaintiffs’ request for an order directing that the farm animals which are the subject of this proceeding be sold at public auction, shall be denied. Said animals shall be directed to be returned to the care and custody of defendant Terhune forthwith. Any additional daily charges accruing with respect to these animals after the service and entry of an order in conformance herewith shall be borne directly by defendant, Terhune.