■ INCORPORATED VILLAGE OF PHILMONT, Appellant, v A. COLARUSSO & SON, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered November 17, 1982 in Albany County, which

denied plaintiff's motion for summary judgment as against defendant Reliance Insurance Company. The relevant facts are adequately set forth in this court's decision in *Incorporated Vil. of Philmont v Colarusso & Son* (85 AD2d 856, mot for lv to app den 56 NY2d 985) when this case was previously before this court and we affirmed an order granting plaintiff summary judgment as against defendant A. Colarusso & Son, Inc. The case is presently before us to review a denial of plaintiff's motion for summary judgment as against defendant Reliance Insurance Company (Reliance). In this declaratory judgment action, plaintiff seeks to have Reliance declared in breach of its performance bond obligation. The performance bond in question requires Reliance to act "[w]henever contractor shall be, and declared by owner to be in default under the contract, the Owner having performed Owner's obligations thereunder". On the present record, questions of fact have been raised concerning plaintiff's performance under the bond which were not necessary to decide on plaintiff's previous motion for summary judgment against the contractor (see *Incorporated Vil. of Philmont v Colarusso & Son, supra*). Before a motion for summary judgment may be granted, it must clearly appear that no triable issue of fact exists (*Piccolo v De Carlo,* 90 AD2d 609, 610). Accordingly, plaintiff's motion for summary judgment as against Reliance was properly denied. Order affirmed, without costs. Mahoney, P. J., Sweeney, Mikoll and Levine, JJ., concur.