■ P.J. CLARKE'S, Appellant, v 919 THIRD AVENUE ASSOCIATES et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered on December 4, 1990, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Under the plain meaning of the lease *(see, Martin v Glenzan Assocs.,* 75 AD2d 660), plaintiff is responsible for 11% of the real estate taxes attributable to the land consisting of 13 specifically identified lots, 12 of which were assembled by defendants and used for the construction of a high-rise office building. Since the tenant is responsible only for real estate taxes attributable to the land, and not to the building *(cf., Credit Exch. v 461 Eighth Ave. Assocs.,* 69 NY2d 994), there is no issue as to improvements made for the exclusive benefit of the landlord. An obligation on the part of defendants to make greater efforts to reduce plaintiff's tax burden than they have

made to reduce their own tax burden "cannot be fairly inferred from the agreement of the parties" *(National Equip. Rental v J & I Carting,* 73 AD2d 666, 667). The implied covenant of good faith and fair dealing has not been violated because the obligations imposed on plaintiff are not "manifestly unreasonable" *(City of Rochester v Vanderlinde Elec. Corp.,* 56 AD2d 185, 188).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.