Arthur G. Klein, J.
The petitioner seeks a declaratory judgment with respect to the validity of a separation agreement, entered into between the parties January 18,1962.
The separation agreement provided for arbitration of controversies ; and the petitioner asks that arbitration be stayed pending determination of the validity of the agreement.
Since this is the first application arising out of an arbitrable controversy and is not made by motion in a pending action, the petitioner correctly invokes the jurisdiction of this court by special proceeding (CPLR 7502, subd. [a]).
In a special proceeding a request for declaratory judgment is properly asserted. (CPLR 103, subd. [b]; 401 et seq.; 3001.)
This petition alleges, among other things, that as part and parcel of a separation agreement, the parties contracted to ter *862 mínate their marriage by divorce. It is further alleged that they signed Mexican notices of appearance, and that petitioner, himself, eventually secured a Mexican divorce which incorporated the terms of the separation agreement, including its arbitration provisions.
While it does not appear that an answer to the petition has been interposed (CPLR 402), the answering affidavit denies generally the material allegations of the petition, except of course admits that petitioner secured the Mexican divorce.
In the circumstances, the validity of the separation agreement (Domestic Relations Law, § 51; General Obligations Law, § 5-311; Viles v. Viles, 14 N Y 2d 365 [1964]), and, if invalid, the question of estoppel, cannot be summarily determined on affidavits and should be tried as provided in CPLR 410.
These threshold questions, together with such other issues as may eventually be presented by the pleadings, should be resolved prior to any arbitration proceedings. The contrary rule of Matter of Exercycle Corp. (9 N Y 2d 329 [1961]), formerly prevailing, has been abolished by CPLR 7503 (subd. [a]).
The stay of arbitration is continued pending determination of this special proceeding, provided the proceeding itself is diligently prosecuted.
The respondent, presently in default under CPLR 403 (subd. [b]) in service of an answer, is granted 10 days from service of a copy of the order to be entered hereon, in the discretion of the court and in view of the novelty of these special proceedings, to answer the petition or move with respect thereto.
The petitioner should thereafter without undue delay, bring the matter on for trial.