Melton Mollen, J.
This is a motion by plaintiff for summary judgment, in an action in which it seeks a declaratory judgment, directing the defendants to:
(a) adhere and abide by the resolution of plaintiff’s board of directors increasing the utility charges and to pay the same, or
*601 (b) in the alternative, that the occupancy agreement has been violated and terminated and that the defendants vacate their apartment and offer their stock in plaintiff for sale in accordance with the provisions of the occupancy agreement.
Plaintiff is a Mitchell-Lama co-operative housing development located in Brooklyn and subject to supervision by the Housing and Development Administration of the City of New York. The defendants are tenant-stockholders of the plaintiff.
On January 9, 1970, the board of directors of the plaintiff passed a resolution increasing the utility charges in their development from $1.50 per room per month to $3 per room per month effective March 1, 1970.
On February 25,1970 the Housing and Development Administration sent a letter to the plaintiff stating that they had no objection to plaintiff increasing the utility charges.
Defendants contend that the increase in the utility charges is actually an increase in their rent and is null and void since the plaintiff has failed to hold a public hearing and thereby failed to comply with chapter 61 of the Administrative Code of the City of New York.
Local Law No. 1 of the 1969 Local Laws of the City of New York provides as follows:
‘ ‘ Housing & Development Administration
§ B61.0 Increases of rentals, a Before acting upon any application or motion for an increase in the maximum rental per room to be charged tenants and co-operators of the dwellings where the housing and development administration is the ‘ supervising agency ’ under the provisions of the Private Housing Finance Law, a public hearing shall be held. Said hearing shall be held upon no less than twenty days’ written notice to the tenants and said notice shall have annexed thereto a copy of the application or motion for increase in the rentals and shall set forth the facts upon which the application or motion is based.”
Annexed to plaintiff’s moving papers is an affidavit executed by Richard M. Stern, which states that he is the Director of the Management Division of the Housing and Development Administration, which division supervises the operation and management of the plaintiff housing company; that the letter he signed on February 25, 1970 granted permission to the plaintiff to increase the utility charges; that it was his agency’s determination that an increase in the utility charges was not an increase in the rent or carrying charges and consequently *602 no public hearing was required to be held pursuant to said Local Law.
A reading of said Local Law clearly shows that it has no application to an increase in utilities but rather is confined to an increase in the rent or carrying charges of a housing company under the supervision of the Housing and Development Administration. This court can find no language in the aforementioned statute nor any legislative intent to indicate that the City Council intended that a public hearing would be required for a minimal increase in utility charges. In the instant case the increase in the utility charges was voted upon and approved by plaintiff’s board of directors. Defendants are tenant-stockholders in the housing company and subject to all valid resolutions of their board of directors. Furthermore, as indicated above, the administrative agency charged with the responsibility of administering this law and supervising the operation and management of this co-operative development has interpreted the law requiring public hearings prior to approving rent increases as being inapplicable to utility increases, contrary to the interpretation sought by the defendants.
In the case of Mounting & Finishing Co. v. McGoldrick (294 N. Y. 104, 108), the court held: “ Of course, statutory construction is the function of the courts ‘ but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited ’ (Board v. Hearst Publications, 322 U. S. 111, 131). * * * ‘ The
judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’ (Rochester Tel. Corp. v. U. S., 307 U. S. 125, 146).”
It is this court’s opinion that no public hearing was required under the facts of this case. Accordingly, the defendants are directed to adhere and abide by the resolution of the plaintiff’s board of directors increasing the utility charges and to pay same.