Edward S. Conway, J.
This is a CPLR article 78 proceeding brought by petitioners for an order: (1) reviewing the decision of respondent Stephen Berger as Commissioner of New York State Department of Social Services which affirmed the determination of respondent John Fahey denying petitioners’ request for retroactive payment of that portion of the shelter and fuel allowance for the period of January 1, 1974 to October 16, 1974; (2) maintaining this proceeding as a class action on behalf of all persons in Albany County who received prorated shelter and fuel allowance subsequent to January 1, 1974; and (3) awarding counsel fees to petitioners.
Petitioners are recipients of benefits since January 1, 1974 under the Supplemental Security Income for the Aged, Blind and Disabled (SSI) program, a federally administered program *518 under which the Federal Government makes grants to such persons supplemented by the State of New York. They are also receiving assistance under the New York State Administered Aid to Families with Dependent Children (ADC) program.
From January 1, 1974 to October 16, 1974, local Departments of Social Services were operating under a State policy which provided that ADC shelter and fuel allowances were to be prorated where an SSI recipient resided in the ADC household. On October 16, 1974 the State Department of Social Services issued an administrative letter (74 ADM 151) directing local departments to discontinue the policy of prorating shelter and fuel allowances where an SSI recipient resides in an ADC household "effective immediately”, upon advice from the Department of Housing, Education and Welfare (HEW) that such proration was contrary to Federal policy.
On April 15, 1975, petitioners Peterson and Campbell, through their attorney, requested a fair hearing seeking a retroactive payment of full shelter and fuel allowances from January 1, 1974. Respondent Fahey granted retroactive benefits from October 16, 1974 only and respondent Berger affirmed his decision on July 14, 1975.
The respondents contend that respondent Berger’s decision affirming respondent Fahey’s determination has a rational basis in law and fact and is therefore not arbitrary and capricious, and that an innocent mistake in construing title 42 of the United States Code (§ 602, subd [a], par [24]), made in the absence of bad faith or improper motives, should not be the basis for retroactive recovery of public assistance benefits.
The court cannot agree with these contentions of the respondents.
Title 42 of the United States Code (§ 602, subd [a], par [24]) provides as follows: "if an individual is receiving benefits under subchapter XVI [Supplemental Security Income] of this chapter, then, for the period for which such benefits are received, such individual shall not be regarded as a member of a family for purposes of determining the amount of the benefits of the family under this subchapter and his income and resources shall not be counted as income and resources of a family under this subchapter.”
This statute became effective on January 1, 1973, and the legislation which enacted the SSI program became effective on January 1, 1974. The States must comply with the Federal *519 law in administering public assistance programs, and the statute in question was interpreted by HEW to mean that the amount of assistance should be determined as though the SSI beneficiary were not present in the home. The respondents’ proration policy takes into consideration the presence of the SSI beneficiary in the home and is at variance with the statute, and HEW interpretation is controlling in the instant case.
As the benefits were wrongfully withheld from January 1, 1974, they should be refunded from January 1, 1974 and the fair hearing decision, insofar as it fails to grant relief prior to October 16, 1974, should be annulled, and petitioners’ motion is granted to that extent.
Petitioners contend that CPLR article 9, Class Actions, created by chapter 207 of the Laws of 1975, effective September 1, 1975 applies to this proceeding. The court cannot agree with this contention, as the petitioners have failed to comply with CPLR 902 and, therefore, the motion for maintaining a class action is denied, and petitioners’ motion for attorneys’ fees under CPLR 909 is likewise denied.