In the Matter of DELORES TURNER et al., Respondents, v JAMES REED, as Director of Monroe County Department of Social Services, et al., Appellants.—Judgment (denominated order) unanimously reversed and petition dismissed, without costs, with leave to petitioners to institute a new article 78 proceeding to review respondents' determinations. Memorandum: Respondents-appellants seek reversal of the order of Special Term which directed respondent Reed, Monroe County Director of Social Services, to pay

heat allowances to petitioners "retroactive to October 1, 1975" and to continue to make such payments "until the date on which the fair hearing decision is rendered by respondent Berger" as New York State Commissioner of Social Services. Petitioners are four recipients of public assistance who reside in Federally aided Rochester public housing. In their petition they asked that it be accepted as a class action in behalf of all recipients of public assistance residing in Federally aided Rochester public housing, including 41 named persons, besides petitioners, and all others similarly situated. Special Term ordered that the petition be entertained as a class action with respect to all persons (1) then receiving public assistance in Monroe County and residing in public housing furnished by Rochester Housing Authority, (2) who pay directly the cost of fuel for heat, (3) who were notified by respondent Reed by notice of September 26, 1975 that they would not receive heat allowances for the 1975-1976 heating season, and (4) who have requested a fair hearing with respect to such notice and determination. The order directed respondent Reed to pay to petitioners and all members of the class "as above stated" a heat allowance as provided in regulation 18 NYCRR 352.5 (a) and New York State Department of Social Services Administrative Letter No. 75 ADM-104, "pending the fair hearing decision", retroactive to October 1, 1975, and it provided that its effect "shall terminate for each member of the class on the date on which respondent Berger issues the fair hearing decision for that member". The record shows that prior to October 1, 1974 respondent Reed had notified the recipients of public assistance residing in Federally aided Rochester public housing that he would not pay them a heat allowance for the 1974-1975 heating season (eight months); but after fair hearings thereon, respondent Reed was directed to supply such heat, and he did so. On June 1, 1975 he notified such recipients that such allowance was discontinued for the summer but would be "automatically" renewed on October 1, 1975 for the next heating season. Nevertheless, on September 26, 1975 he notified them that, since their shelter allowance included heat, no heat allowance would be granted to them for the heating season beginning on October 1, 1975. Petitioners and others of the class promptly demanded fair hearings on that determination, and respondent Berger began holding such hearings. Thirty-two of the hearings had been held without a decision thereon when petitioners instituted this article 78 proceeding for an order in the nature of mandamus, directing respondent Reed to perform a duty (payment of heat allowance to them) enjoined upon him by law. After the petition was filed, fair hearings were held for seven additional recipients, and such hearings were offered to the six remaining named members of the class but they failed to appear to avail themselves thereof. Respondents promptly appealed from Special Term's order granting the petition. Petitioners moved before us for an order vacating the automatic statutory stay of the order effected by the appeal (CPLR 5519, subd [a], par 1); and we granted the motion (CPLR 5519, subd [c]). On December 12, 1975 respondent Berger rendered his decision on the fair hearing with respect to petitioner Fruster; and upon the argument it was stated that decisions have been rendered in virtually all of the other fair hearings, and in all cases respondent Reed's determination was affirmed. By the express provisions of Special Term's order, therefore, the order has terminated. In their answer to the petition respondents allege that public housing rent includes heat, and that for respondent Reed to pay a heat allowance to petitioners would constitute a double payment for heat and violation of regulation 18 NYCRR 358.8 (c), inasmuch as respondent Reed's refusal to pay the special heat allowance was by reason of State

policy decision. It is clear from the record and a copy of respondent Berger's decision upon the Fruster fair hearing, that questions of fact exist with respect to respondent Reed's duty, and that mandamus was not a proper remedy, for a showing of clear legal right to relief was not made by petitioners (see *Matter of Jones v McCoy,* 37 NY2d 932; 23 Carmody-Wait 2d, NY Prac, §§ 145.79, 145.106). The appropriate proceeding for determining the rights of the parties is one under article 78 to review the determinations by respondents, including those by respondent Berger upon the fair hearings. We also conclude that the court erred in entertaining the proceeding as a class action. Although this is a special proceeding and not an action, we think that such fact alone does not, as respondents contend, bar class action relief (see CPLR 103, subd [b]). Petitioners have not, however, complied with the specific requirements of the statute providing for class actions (CPLR 902, eff Sept. 1, 1975; see *Peterson v Berger,* 84 Misc 2d 517). Moreover, in a matter of this sort, where there have been multiple hearings, we think that the principle of *stare decisis,* insofar as found applicable, will adequately protect all persons claimed to be similarly situated who are not parties hereto (see *Matter of Rivera v Trimarco,* 36 NY2d 747); and class action relief should, therefore, not be accorded (see *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Dumbleton v Reed,* 49 AD2d 687; *Matter of Shook v Lavine,* 49 AD2d 238). (Appeal from judgment of Monroe Supreme Court in article 78 proceeding to recover shelter and heat allowance.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.