Edwin Kassoff, J.
In this declaratory judgment action plaintiff moves for a temporary injunction restraining defendant Boulevard Gardens Housing Corporation from increasing *99 its monthly air-conditioning charges pursuant to permission granted by the defendant agency. Simultaneously with this action, plaintiff commenced an article 78 proceeding to vacate the agency order permitting the increase and to require a public hearing by the agency on the proposed increase.
The defendant corporation is a limited dividend housing corporation organized under the provisions of article IV of the Private Housing Finance Law. As such, its rents and other service charges are regulated by the defendant agency. In May of 1975 defendant corporation filed a petition with the defendant agency requesting an increase in its monthly per room rental. A public hearing on the petition was held in September and by an order of the agency dated October 23, 1975 the increase was granted. While the question of the rental increase was in progress, the defendant corporation by a letter dated June 10, 1975 requested the approval of the defendant agency to increase its per unit per month air-conditioning service charge from $3 to $6 and from $4 to $8. The agency approved that increase by its letter of July 8,1975. Notice was given to the tenants by a letter dated May 21, 1976 that the increase would be effective July 1, 1976. It is this latter increase that is the subject of the present proceedings.
Plaintiff contends that the air-conditioning charge is a rental within the meaning of subdivision (b) of section 87 of the Private Housing Finance Law, thus requiring a public hearing prior to any approval of an increase.
After commencement of the within special proceeding, plaintiff served an amended petition adding one of the individual tenants as a petitioner in the representative capacity for all other tenants similarly situated. Plaintiff also requests that said tenant be permitted to intervene as a plaintiff in the declaratory judgment action, again, as representative of the class.
There are threshold procedural questions which must be decided first, to wit, whether the declaratory judgment action is a proper remedy in this case, whether the plaintiff tenant association has standing, and whether a class action was properly instituted. Generally, a declaratory judgment action is not the proper vehicle to challenge an administrative act when other remedies, including an article 78 proceeding, are available. (Gaynor v Rockefeller, 15 NY2d 120, 132.) However, the existence of such remedies is not a bar where the issue is the constitutionality of a statute or where the administrative *100 act is alleged to be in violation of a statute depriving plaintiff of a valuable right. (Halpern v Lomenzo, 35 AD2d 41, 43.) Plaintiff alleges that the tenants were deprived of the statutory right to oppose the increase at a public hearing. Thus, it would appear that the action is proper. In the instant case, the issues are identical in both the declaratory judgment action and the special proceeding. It would be procedurally peculiar and wasteful of judicial manpower to determine the special proceeding and leave the action pending. Accordingly, the court deems the action a special proceeding (CPLR 103, subd [c]; cf. Kovarsky v Housing and Development Administration, 31 NY2d 184, 192-193) and since both were simultaneously commenced and are now before the court they will be treated as one proceeding. Further, to avoid any procedural questions relative to the individual petitioner the requested leave for his intervention is granted.
Respondents contend that the petitioner tenant association lacks the standing to bring these proceedings. While it is true that the New York class action statute speaks of members of the class as plaintiffs and not organizations (CPLR 901), the courts, prior to that statute, have held an organization may, in a proper case, challenge governmental action on behalf of those affected. (Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1; National Organization for Women v State Div. of Human Rights, 34 NY2d 416.) Under those decisions, consideration must be given to the capacity of the organization to assume an adversary position, its size and composition as fairly representing those affected, the adverse effect of the action on the group interested, and that the organization membership is open to full participation by those it seeks to represent (Matter of Douglaston Civic Assn. v Galvin, supra, p 7; National Organization for Women v State Div. of Human Rights, supra, pp 419-420). The petitioner association is an organization of the tenants of defendant corporation and over 90% of them are members. There are in total 950 tenants of the defendant corporation and approximately 486 have air conditioners. While those without air conditioners are not presently affected by the increase, their future choice to have one installed will be subject to the payment of the then prevailing rate. From all of the evidence presented, it appears that petitioner association has the requisite standing.
The individual petitioner suing in a representative capacity is clearly within the purview of the class action statute. While *101 the requisite application under CPLR 902 has not been made, the court now has sufficient information before it to determine that issue. From the evidence presented and cognizant of the considerations set forth in CPLR 901 and CPLR 902, the court finds that the individual petitioner is representative of that class of persons who are tenants of the defendant corporation and have air conditioners subject to the additional charge. The fact that this is a special proceeding does not bar class action treatment. (CPLR 103, subd [b]; see Matter of Turner v Reed, 52 AD2d 739, 741.) Further, the court finds that no notice to the class is required as petitioner is seeking in substance "declaratory relief’ (CPLR 904, subd [a]), to wit, that no approval of increased charges may be had without public hearings. The term "declaratory relief’ cannot be restricted to an action for declaratory judgment. (CPLR 103, subd [b]; see Matter of State Div. of Human Rights v New York State Police, 77 Misc 2d 597; Matter of Gunter v Gunter, 47 Misc 2d 861.) Such is particularly clear when consideration is given to the fact that an action for declaratory judgment and a special proceeding must both result in judgments determinative of the rights of the parties. (Cf. CPLR 3001 with CPLR 411.)
The substantive issue is clear: must an increase in air-conditioning charges in this housing development be considered only after conducting a public hearing on the question? Subdivision (b) of section 87 of the Private Housing Finance Law provides in part: "If the application is made after occupancy the order shall be made only after a public hearing. Said hearing shall be held upon no less than twenty days’ written notice to the tenants and such notice shall have annexed thereto a copy of the application for increase in rentals. No such order or authorization shall be made or given unless the commissioner shall find that because of changes in economic conditions in their application to the project with respect to which request for increased rentals shall have been made or because of special assessments or causes or contingencies beyond the control of the housing company, affecting such project, the maximum rentals fixed as herein provided are insufficient to meet the payments authorized in section eighty-five of this article and unless the commissioner shall find that such insufficiency cannot be corrected by reasonable economies in management and operation of said project.”
Thus, the issue resolves to whether the air-conditioning charge is "rental” within the meaning of the statute. There is *102 no specific definition of "rental” as regards to a "limited dividend housing corporation” either in the statute (Private Housing Finance Law, § 2 and art IV) or the regulations (9 NYCRR Subtit S, ch IV). This is not to say that the legislative intent remains completely unexpressed. In defining who may be eligible for such housing, a comparative ratio of income to rental is set out and rental is said to include the value or cost of heat, light, water and cooking fuel (Private Housing Finance Law, § 85-a, subd 2, formerly § 85, subd 3). Petitioner contends that since light is operated by electricity and since the air-conditioning charge is for additional use of electricity it must be considered rental. Such is strained reasoning. In interpreting the meaning of words listed in groups in a statute, the court will consider the general character expressed by all the words taken together. (Popkin v Security Mut. Ins. Co., 48 AD2d 46, 48.) Here, the Legislature is clearly expressing an intent to include such expenses as are part of basic standard living conditions in addition to the charge for the rooms. It cannot be said that they meant to include more. Had the Legislature intended a broader definition of "rental” it could have so provided and it is not for the court to read that meaning into the statute. (See Furman v Naldon Realty Co., 210 NYS2d 140.) In defining "total carrying charges”, the Legislature included "all charges” and, further, specified that in the case of a "mutual company” "rental” would mean the same. (Private Housing Finance Law, § 2, subd 27.) Such a broad term is not expressed in the case of "limited dividend housing companies”.
The agency by its regulations provides that additional services not called for in the lease may be provided at additional charge (9 NYCRR 1727-6.1). Thus, rent would include the charge for all services provided to a tenant without option and the minimum being as defined by the Legislature in section 85-a of the Private Housing Finance Law. It is clear from the terms of the form lease used by defendant corporation that the service of increased electricity for air-conditioning use is not provided to the tenant as part of the normal rental but only upon the option of the tenant subject to an additional charge.
Thus, the air-conditioning charge here in question is not "rental” within the meaning of section 87 of the Private Housing Finance Law. (See Luna Park Housing Corp. v Peskin, 65 Misc 2d 600.)
*103 Petitioner’s reliance on the broad definition of rent found in section 2100.2 of the agency regulations is misplaced (9 NYCRR 2100.2 [c]). Those regulations deal with "Emergency Housing Rent Control” and the definitions there expressed are specifically so limited (9 NYCRR 2100.2).
Accordingly, the petitions are denied and dismissed.