■ Town of Austerlitz, Respondent, v Dugwest Associates, LLC, Appellant. [804 NYS2d 859]—

Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 17, 2005 in Columbia County, which denied defendant's motion to dismiss the amended complaint.

Plaintiff commenced an action against defendant and others regarding an alleged failure to complete the paving portion of a residential subdivision. In an earlier motion, Supreme Court dismissed the action as to all parties except defendant and dismissed three of the four causes of action alleged against defendant. The court found a viable breach of contract cause of action within the complaint and, in light of the inartful nature of the original complaint, afforded plaintiff leave to serve an amended complaint. The ensuing amended complaint, which set forth two causes of action (one alleging a violation of Town Law § 277 and the second asserting a general breach of contract), did not demand monetary damages, but sought an order directing, among other things, defendant to pave the road as provided in the subdivision approval.

Defendant made a preanswer motion to dismiss the amended complaint asserting that the only relief sought was in the nature of specific performance and the allegations were insufficient for that relief. Plaintiff opposed the motion and also submitted a proposed second amended complaint that expanded its allegations regarding specific performance and added, alternatively, a demand for monetary damages. Supreme Court denied defendant's motion, indicated in its written decision and order that the action would be treated as one for declaratory judgment, and did not address plaintiff's request to serve a second amended complaint. This appeal ensued.

Prefatorily, we note that plaintiff's argument that defendant has no right to appeal to this Court from the denial of its preanswer motion to dismiss is devoid of merit (*see* CPLR 5701 [a] [2] [v]; *Kearney v Atlantic Cement Co.*, 33 AD2d 848, 849 [1969]; *see generally Spilka v Town of Inlet*, 8 AD3d 812 [2004]; *Henbest & Morrisey v W.H. Ins. Agency*, 259 AD2d 829 [1999]).

Next, while we do not interpret the amended complaint as seeking a declaratory judgment, we do agree with Supreme Court that plaintiff's pleading is sufficient to survive under the liberal test that applies when addressing a motion to dismiss for failure to state a cause of action (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Contrary to defendant's contention, there is authority indicating that the failure to set forth in the complaint an allegation of no adequate

remedy at law does not require immediate dismissal of a specific performance cause of action (*see Samaniuk v Sag Enters.,* 73 AD2d 735, 736 [1979], *lv denied* 50 NY2d 801 [1980]). Although it is not possible on this record to dispositively determine whether specific performance will ultimately be an appropriate remedy in this action (*see Sokoloff v Harriman Estates Dev. Corp., supra* at 415), dismissal at this early procedural stage is not required.

Finally, in light of the continued ambiguities of the amended complaint, as well as the general principle that leave to amend pleadings is freely given (*see* CPLR 3025 [b]; *Amica Mut. Ins. Co. v Hart Alarm Sys.,* 218 AD2d 835, 836 [1995]), we conclude that Supreme Court should have addressed and permitted plaintiff's request to serve its second amended complaint (*see Smith v Day Co.,* 242 AD2d 394, 396 [1997]).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held that the action was only for declaratory judgment; direct plaintiff to serve its second amended complaint within 20 days of the date of this Court's decision; and, as so modified, affirmed.