■ Village of Pomona, Respondent, v Town of Ramapo et al., Appellants, and United Water New York, Inc., Respondent. [838 NYS2d 653]—

In an action to recover damages for the overpayment of water and water supply services, the defendants Town of Ramapo and Town of Ramapo Water District appeal from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated August 10, 2006, which denied their motion pursuant to CPLR 3211 (a) (3) and(5) to dismiss the complaint insofar as asserted against them for lack of standing and as time-barred, and (2) an order of the same court dated January 23, 2007, which granted the separate motion of the defendant United Water New York, Inc., to dismiss their cross claim for contribution pursuant to CPLR 3211 (a) (7) and denied their cross motion pursuant to CPLR 3025 (b) for leave to serve an amended answer.

Ordered that the order dated August 10, 2006 is reversed, on the law, and that branch of the motion of the defendants Town of Ramapo and Town of Ramapo Water District which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing is granted; and it is further,

Ordered that the appeal from the order dated January 23, 2007 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants, payable by the plaintiff.

The plaintiff Village of Pomona is an incorporated village, a portion of which lies within the geographical boundaries of the defendant Town of Ramapo. The defendant Town of Ramapo Water District (hereinafter the Water District) was created prior to 1975, and encompasses the same geographic area as the Town. The Water District constitutes a taxing district empowered to fund the cost of providing water to and maintaining the various fire hydrants within the Water District. Residential real property owners in the Town, including the portion of the Village within the Town, receive an annual property tax bill containing, among other itemized charges, a Water District tax. However, Village residential property owners also receive an annual Village tax bill which contains, inter alia, a charge for the fire hydrants located in the portion of the Village lying within the geographical boundaries of the Town and the Water District.

According to the Village, in 2003 it determined that since approximately 1975, a billing error had occurred which resulted in Village taxpayers paying a greater proportional share of the cost of water and hydrant maintenance than was paid to the Water District by property owners outside the Village. The Village attributed this error to the fact that the water services provider, the defendant United Water New York, Inc. (hereafter United Water), and its predecessor had for many years billed the Village for the several hydrants in the portion of the Village lying within both the Town and the Water District, while United Water had separately billed the Town for those hydrants located in the remaining portion of the Town and Water District. The billing of charges for United Water's services was conveyed to the taxpayers in the respective annual tax bills of both the Town and the Village. The Village alleged that both it and the Town passed along these expenses to Village taxpayers, with the result that property owners in the portion of the Village within the Town paid higher taxes than property owners in the remainder of the Town; as asserted by the Village in its complaint, "Property Owners within the Water District, including Pomona, have been sharing the cost of those hydrants within the District not located within the Village of Pomona but only Pomona property owners have been paying for those hydrants within Pomona, although the hydrants are also within the District."

The instant action was commenced on or about September 30, 2005 to recover the sum of $287,149.32 allegedly overpaid by the Village for water services from January 1, 1975 through 2003. In November 2005 the Town and the Water District moved to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (5), asserting that the Village lacked capacity and standing to sue, and that the action was time-barred. In its order dated August 10, 2006, the Supreme Court determined that the Village had both standing and capacity, and that the six-year period of limitations for contract actions governed the Village's cause of action. We reverse.

The Village lacks standing to maintain this action insofar as asserted against the Town and the Water District since its actual objective—notwithstanding the Village's characterization of it—is to recoup taxpayer funds (*see Incorporated Vil. of Northport v Town of Huntington*, 199 AD2d 242 [1993]). According to the Village, the gravamen of its cause of action is that, once it determined in 2003 that United Water had, since 1975, been erroneously billing it for the provision of water to hydrants within the Village, rather than billing the Town or the Water District, the Village was entitled to recover that sum

from the Town and the Water District. In reality, the Village seeks the recovery, from the Town and the Water District, of the funds it collected from its own taxpayers through annual village tax billings, which simply passed along United Water's billings from the Village to Village taxpayers.

Accordingly, the Supreme Court erred in denying that branch of the motion of the Town and the Water District which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing.

The appellants' remaining contentions have been rendered academic or are without merit, and Village's contention that the order dated August 10, 2006 is not appealable as of right is without merit (*see* CPLR 5701 [a] [2] [iv], [v]; *Rendelman v Southside Hosp.*, 141 AD2d 521 [1988]; *see also Town of Austerlitz v Dugwest Assoc., LLC*, 24 AD3d 847, 848 [2005]). Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.