OPINION OF THE COURT
Lawrence H. Ecker, J.
The decision and order of the court is as follows:[1]
Facts
The Town of Woodbury and the Village of Woodbury, until 2006, were separate governmental entities within Orange County. In that year, pursuant to a joint consolidation agreement, the two entities merged, created contiguous borders, and have since operated as one entity. Left undisturbed in 2006 was the Village of Harriman, which still exists as a separate governmental entity, within the Town of Woodbury.
By resolution passed by a majority of the village trustees in 2010, and again in 2011, the Village has authorized the sending of a home rule message to the State Legislature, seeking in essence to abolish the Village, restore the Town to its status prior to the 2006 merger, including the continuing existence of the Village of Harriman, and to prohibit the formation of any additional village within the Town. The consideration of the home rule message, with bill designations from both the New York State Assembly and the New York State Senate, did not make it out of committee in either 2010 or 2011. The earliest the home rule message can next be considered is January 2012.
Plaintiff United Fairness, Inc. (plaintiff),[2] a New York for-profit corporation, purports to represent a group of property owners who are Hasidic Orthodox Jews living in the western part of the town/village. They oppose the home rule message because if the proposed legislation is passed, they will not be *727 able to create their own separate village in accordance with Village Law § 2-200. Plaintiff asserts its shareholders have been, and will be, the victims of religious persecution, and denied equal protection under the law, citing article I, § 11 of the New York Constitution, should the home rule message be adopted and become law by enactment of the State Legislature.
In this action for a declaratory judgment and injunctive relief against defendants Town of Woodbury (herein the Town), Village of Woodbury (herein the Village) and the State of New York, plaintiff asserts seven causes of action pertaining to the proposed consolidation of the Town and Village into one entity, namely, the Town of Woodbury.
Plaintiff contends the form of the home rule message is deficient as to form and substance, in derogation of the requirements of Municipal Home Rule Law § 40. It seeks a declaration declaring the home rule message a nullity.
Included in United Fairness’ claims, in essence, are allegations that plaintiff’s shareholders are being discriminated against as follows:
1. The two-acre zoning requirement now imposed upon the area of the Town where plaintiff’s “members” own property creates “barriers to the settlement of Hasidic Orthodox Jewish persons in the Town of Woodbury” (1Í 54 of complaint, first cause of action [exhibit B, Town’s motion to dismiss]);[3]
2. Plaintiff members will be deprived of their rights under the Village Law to petition for the formation of a village (1i 58, second cause of action);
3. The adoption of the resolution creates territorial distinctions affecting plaintiffs community unequally with other territorial areas in the State of New York (If 63, third cause of action);
4. The zoning code adopted by the Village imposes an unequal burden on the plaintiffs “members” in that all residences in the plaintiffs community are required to be built on lots of not less than two acres, whereas property owners in other sections of the Town and Village are not similarly situated (If 69, fourth cause of action);
5. Plaintiffs community has unmet needs for affordable housing and higher-density zoning that are not being provided for in the zoning code adopted by the Village. The needs of plaintiffs *728 community require the creation of a special zoning district pursuant to Village Law § 7-702. However, no demand has been made to the Zoning Board of the Village of Woodbury for the creation of a special zoning district because such demand would be futile (1Í1Í 76, 77, 78, fifth cause of action);
6. The Village Zoning Board of Appeals is composed entirely of persons who do not reside in the plaintiffs community and who do not represent that community. Further, the Village has pursued a policy of excluding members of the plaintiffs community from appointment to the Planning Board[4] and the Zoning Board of Appeals with the intent of excluding the plaintiffs community from representation on those bodies (lili 84, 85, sixth cause of action);-
7. Plaintiffs “members” have the statutory right under article 2 of the Village Law to petition for the formation of a village in the plaintiffs community, and the Resolution, if enacted, would deprive plaintiffs members of such statutory right. Further, the needs of plaintiffs community are not being served adequately by the Village and will not be served adequately if a consolidated governmental entity is formed as the Town which is coterminous with the presently existing Village. (1I1Í 91, 92, 93, seventh cause of action.)
The Town and the Village have each moved to dismiss the complaint pursuant to CPLR 3211 on various grounds. As threshold matters, defendants argue: (1) the plaintiff organization does not have standing to assert claims on behalf of its members; and (2) the claims asserted are not justiciable because the lawsuit has been filed before the New York State Legislature has taken any action to approve or deny the Village’s request for special legislation. Therefore, defendants contend, it would be a futile act for this court to adjudge the constitutionality of a resolution requesting legislation which does not exist.
The State of New York has not submitted any papers in regard to this dispute.
Issues
Does plaintiff as a for-profit corporation have standing to bring this action on behalf of its shareholders?
If the answer to No. 1 is in the affirmative, does this court have the power to enjoin the filing of the home rule message *729 with the State Legislature, or to grant any other relief demanded by plaintiff?
Discussion
The standing of a party to seek judicial review of a claim or controversy is a threshold matter which must be resolved by the court before the merits of the application may be considered. (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761 [1991].) “Whether a person seeking relief from a court is a proper party to request an adjudication ‘is an aspect of justiciability which must be considered at the outset of any litigation.’ ” (Roberts v Health & Hosps. Corp., 87 AD3d 311, 318 [1st Dept 2011], quoting Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9 [1975].) Standing is thus a threshold determination that allows a litigant access to the courts to adjudicate the merits of a particular dispute that otherwise satisfies other justiciability criteria. As a general proposition, a plaintiff only has standing to assert claims on his or her own behalf. Unless permitted by statute or in accord with case law, one does not have standing to assert claims on behalf of another. (Society of Plastics Indus. v County of Suffolk at 769.)
Typically, a plaintiff’s claims are put forward either by individuals, individuals seeking class action status pursuant to CPLR article 9, or as part of the stated purposes of a not-for-profit corporation formed pursuant to the Not-for-Profit Corporation Law. The plaintiff fits into none of these categories. It describes itself as a corporation formed to engage in advocacy for Jewish residents and property owners in the Town and Village of Woodbury. The action is brought “on behalf of residents and property owners in the Plaintiffs’ Community” which it further describes as “a concentration of Jewish residents and property owners in a section of the westernmost part of the Town and Village of Woodbury comprising 1.2 miles” as set out in a map annexed to the complaint. (Plaintiffs mem of law in opposition at 2.)
A review of the certificate of incorporation of United Fairness, Inc. indicates eligible shareholders are limited to persons who reside in, or own property, in the section of the Town of Wood-bury described in a map annexed to the certificate and who support the advancement of the rights of Jewish residents and property owners in the Town of Woodbury. (Art XII, certificate of incorporation.) There is nothing in plaintiffs certificate of incorporation indicating a purpose of the corporation is to be *730 engaged in advocacy for Jewish residents and property owners of the Town and Village of Woodbury.
Plaintiffs complaint clearly does not involve “for profit” issues. Plaintiff provides no case authority which unequivocally supports the proposition that a for-profit corporation, that is, a corporation formed under the Business Corporation Law, may engage in the advocacy that has been advanced here.
When an organization seeks standing to challenge governmental action, there must exist concrete adversarial interests requiring judicial intervention. That is,
“an organizational plaintiff must demonstrate a harmful effect on at least one of its members; it must show that ‘the interests it asserts are germane to its purposes so as to satisfy the court that it is an appropriate representative of those interests;’ and it must establish that the case would not require the participation of individual members.” (Rudder v Pataki, 93 NY2d 273, 278 [1999].)
Plaintiff fails to meet the three-prong Rudder test. That is, the court is not convinced that plaintiff, a for-profit corporation, is the proper party to bring on this challenge to the home rule message. As pointed out by defendants, each of the cases cited by plaintiff in support of plaintiffs right to pursue this action actually dealt with plaintiffs whose authority derived from its corporate status pursuant to the N-PCL. (See New York City Coalition to End Lead Poisoning v Giuliani, 245 AD2d 49 [1st Dept 1997]; Boulevard Gardens Tenants Action Comm. v Boulevard Gardens Hous. Corp., 88 Misc 2d 98 [Sup Ct, Queens County 1976].)
In each of these cases, the corporate plaintiff was formed pursuant to the N-PCL, as confirmed by exhibits B, C and D to the Town’s reply affirmation dated July 25, 2011. In addition to the cases cited by the Town, the court has conducted its own analysis of seminál cases decided by the Court of Appeals where challenges such as the one at bar have been made by plaintiffs purporting to represent a class. In each of these cases, the corporate plaintiff was formed pursuant to the Not-for-Profit Corporation Law. (See New York State Assn. of Nurse Anesthetists, 2 NY3d 207 [2004] [where plaintiff challenged certain enactments of the Commissioner of Health affecting plaintiff s members]; Society of Plastics Indus. v County of Suffolk, supra [where plaintiff was a trade organization made up of for-profit businesses concerned about the passage of proposed legislation *731 affecting their industry]; New York Pub. Interest Research Group v Carey, 42 NY2d 527 [1977] [where the advocacy group was operating as a not-for-profit corporation concerned about proposed increases in utility rates].)
Plaintiff cites Bay Crest Assn., Inc. v Paar (2008 NY Slip Op 33111[U] [Sup Ct, Suffolk County 2008]), for the proposition that “the Court rejected a challenge to the standing of the plaintiff corporation on the grounds that it did not operate a for-profit business.” This case is clearly inapposite. The plaintiff in Bay Crest is, in fact, a not-for-profit corporation composed of property owners living within a private community. The action was brought in the name of the plaintiff against defendants who refused to pay annual assessments, as required pursuant to the plaintiffs certificate of incorporation and bylaws. (See Bay Crest Assn., Inc. v Paar, 72 AD3d 713 [2d Dept 2010].)
At a minimum, plaintiff must establish that the participation of its individual “members” in this action is not required. Plaintiff alleges broad claims of discrimination in unmet housing needs, municipal services, and lack of representation on the planning and zoning boards. Such blanket allegations of discrimination, without the participation of any individual member who can allege specific acts of discrimination, is not sufficient to support plaintiffs organization standing as an “appropriate representative” of the interests of its members. Tenuous and ephemeral harm is insufficient to trigger judicial intervention. “Without an allegation of injury-in-fact, plaintiffs’ assertions are little more than an attempt to legislate through the courts.” (Rudder v Pataki at 280; Society of Plastics Indus. v County of Suffolk at 777-778; Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817 [2d Dept 2007].)
Plaintiff argues there is no other statute, other than the Business Corporation Law, which controls the activity sought to be carried out by plaintiff herein. The court disagrees in that N-PCL provides for such activity. Plaintiff further contends, “Section 201 (a) of the Business Corporation Law excludes only ‘any business for which formation is permitted under any other statute . . . unless such statute permits formation under this chapter’ ” (emphasis added by plaintiff). Plaintiff then references the Banking Law, the Insurance Law, and the provisions of the N-PCL law dealing with cemeteries. (Plaintiff aff, If 5, Aug. 18, 2011.)
The court notes with interest that plaintiff chose to italicize and emphasize the word “business.” As a matter of statutory *732 construction, the rule of noscitur a sociis would apply: words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated. (McKinney’s Cons Laws of NY, Book 1, Statutes § 239.)
In this case, the referenced language is within the Business Corporation Law, an act of the Legislature which was clearly created to monitor and control the operation of “for profit” businesses within the context of commercial or mercantile activity. The N-PCL was created by the Legislature to monitor and control the operation of entities formed for a specific purpose other than “for profit.” N-PCL 201 (b) defines four types of corporations, A through D, that are subject to that statute, two of which — Type A and Type B — are for any “non-business purpose” or purposes of a nonpecuniary purpose, which are listed by category therein. The statute states a Type C not-for-profit corporation may be formed for any lawful business purpose to achieve a lawful public or quasi-public objective and that a Type D a not-for-profit corporation may be formed if authorized by any other corporate law for any business or non-business, or pecuniary or nonpecuniary purpose, whether such purposes are also within types A, B, C above or otherwise. The Practice Commentaries to McKinney’s references entities formed under the Social Services Law, the Benevolent Orders Law and the Mental Hygiene Law, by way of example.
Plaintiff admits the class members it purports to represent are shareholders. In response to the court’s directive, plaintiff provided a submission setting forth the names and addresses of the shareholders. Shareholders’ rights and responsibilities are defined in article 6 of the Business Corporation Law. The term “shareholder” is not found in the Not-for-Profit Corporation Law. Instead, the participants in the corporate entity are defined as “members.” (See N-PCL 601 [a].) Members are not issued shares of stock. Rather, members are issued a membership certificate, card, or capital certificate. (See N-PCL 601 [b] [2].)
Pursuant to N-PCL 102 (“Definitions”), and as referenced in N-PCL 201,
“ ‘Corporation’ or ‘domestic corporation’ means a corporation (1) formed under this chapter. . . exclusively for a purpose or purposes, not for pecuniary profit or financial gain . . . and (2) no part of the assets, income or profit of which is distributable *733 to, or enures to the benefit of, its members, directors or officers” (N-PCL 102 [a] [5]).
The court is unable to discern how this definition describes anything other than the entity which has been formed to act as the plaintiff in this case.
The first paragraph of the complaint states “Plaintiff is a corporation organized under the laws of New York and is engaged in advocacy for Jewish residents and property owners of the Town and Village of Woodbury.” The rest of the complaint focuses upon grievances this group of individual property owners (see complaint 1i 2), i.e., the “shareholders,” claims to have suffered due to the conduct of the Village and Town. Nowhere in the complaint does it state that plaintiff has been formed to promote the pecuniary interests of the shareholders. In contrast, the advocacy undertaken in the complaint is clearly that which is contemplated to be pursued by a corporation formed under the N-PCL and its “members.”
Although the affidavits submitted by certain members of the class identify themselves as real estate investors within the described affected area in the western part of the Village, there Eire no facts alleged that bind them together within the context of a for-profit enterprise. That they may ascribe to the mission statement or goals of plaintiff does not give these shareholders the right to be represented in court by this for-profit plaintiff. The form they have selected to air their grievances is inappropriate, notwithstanding their perception of the rightness of their claims.
The court can only surmise that the shareholders, for whatever reason, did not elect to form a not-for-profit corporation. It is not for the court to speculate, but only to assure that what they seek to accomplish is cognizable under the law. It is clear to the court, however, that what they seek to accomplish in this litigation is well within, and properly maintainable, within the framework of N-PCL 201 (b) and not the Business Corporation Law.
The plaintiff has no assets and holds no property within the defined, affected area of the Village. The plaintiff is not a member of the Hasidic Orthodox community. The plaintiff conducts no business within the defined, affected area. The plaintiffs principal office is located at its attorney’s law office in New York, New York. The plaintiff has no stated business purpose to operate for pecuniary gEdn, which the court finds is contradictory to the stated purposes of the Business Corpora *734 tion Law. Plaintiff does not assert that, as a result of its corporate activities, it has been injured, or will be injured, or caused to have sustained economic injury, or will sustain economic injury.
Each of the seven causes of action in plaintiffs complaint allege violations of the constitutional rights of its individual “shareholders.” This court is constrained to find that a corporation that was admittedly formed to assert the aims and objectives of plaintiffs individual “shareholders” may not do so as a “for-profit” corporation pursuant to the Business Corporation Law. These shareholders may well have a commonality of interests that are worthy of pursuit. However, this court will not condone their doing so under the guise of a “for-profit” corporation.
Conclusion
That having been said, the court finds that United Fairness, Inc. lacks standing, and is not a proper party to bring this action on behalf of its “shareholders.” Accordingly, the complaint seeking injunctive relief and a declaratory judgment is hereby dismissed in its entirety. (CPLR 3211 [a] [3]; Village of Pomona v Town of Ramapo, 41 AD3d 837 [2d Dept 2007].)
Given this determination, the court declines to adjudicate the specifics of the complaint or the opposition thereto. In so doing, the court is not considering or rendering an opinion as to the merits of any other issue raised in the parties’ submissions. Such issues include plaintiffs challenge to the sufficiency of the home rule message and defendants’ opposition that plaintiffs claims are not justiciable at this point because the Legislature has taken no action to either approve or deny the Village’s request concerning the consolidation of the village and town governments.

. The court has not considered any of the letter correspondence from the parties during the pendency of these proceedings. Further, while the court’s part rules do not permit surreply filings, the court has considered all of the supplemental arguments and exhibits submitted by counsel as a matter of discretion and to provide the parties with the fullest opportunity to argue the merits of their respective cases.

. In the complaint, plaintiff refers to itself interchangeably in the singular (plaintiff), the plural (plaintiffs) and as “plaintiff’s community” and “plaintiffs’ community.” There is but one plaintiff in this action, United Fairness, Inc.

. References hereafter are to the same exhibit.

. Complaint, 1 84 refers to “[t]he zoning board and zoning board of appeals of the Village of Woodbury” which presumably is meant to refer to the Planning Board and Zoning Board of Appeals.